UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
:
BAJA FOOD SERVICES S. DE RL DE DV,          :
                           Plaintiff,    :
:       14 Civ. 5290 (LGS)
      -against-                          :
:       ORDER & OPINION
PEANUT BUTTER & CO., INC., et al.,          :
                        Defendants.   :
:
------------------------------------------------------------- X

LORNA G. SCHOFIELD, District Judge:

      Defendant Peanut Butter & Co., Inc. ("PBC") brings a counterclaim against Plaintiff Baja Food Services S. De RL De DV ("Baja") for breach of written and oral contracts and against Counterclaim Defendant Specialty Foods International, Inc. ("Specialty") for tortious interference with contract. Specialty moves to dismiss. For the reasons below, the motion is denied.

I. BACKGROUND

      The allegations in the operative Second Amended Counterclaim Complaint (the "Complaint") are assumed to be true for purposes of this motion.

      PBC, a New York corporation, entered into an oral agreement with Baja, a Mexican corporation, in May 2013. Under the agreement, PBC sold peanut butter products to Baja at discounted prices for export to Mexico. From June until mid-September 2013, PBC sold products to Baja totaling $366,849.80. Instead of exporting the products to Mexico as required by the oral agreement, Baja sold the products to Specialty, a California corporation. From July to late October 2013, Specialty wired Baja more than the amount Baja had initially paid PBC for the peanut butter products. Specialty sold the peanut butter products in the United States at lower prices than PBC sells them domestically. Such unauthorized domestic sales caused PBC damage of at least $120,000.

The Complaint alleges that Specialty knew of PBC's oral agreement with Baja that required the products to be sold only in Mexico and not in the United States. Andres Camberos, who was involved in the negotiations between PBC and Baja from as early as April 2013, was also "employed, retained, engaged and/or otherwise authorized to act to some degree by or on behalf of Specialty" during all relevant times. His knowledge of the oral agreement between the parties "was imputed to Specialty," and his name appears on wire confirmations from Specialty to Baja for the sale of the peanut butter.

On or about December 30, 2013, PBC and Baja entered into a written Settlement Agreement (the "Settlement Agreement").

## II.  LEGAL STANDARD

On a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in favor of the non-moving party. *See Keiler v. Harlequin Enters. Ltd.*, 751 F.3d 64, 68 (2d Cir. 2014). To withstand dismissal, a pleading "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Rule 8 of the Federal Rules of Civil Procedure "requires factual allegations that are sufficient to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Anderson News, L.L.C. v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012) (alteration in original) (quoting *Twombly*, 550 U.S. at 555).

## III. DISCUSSION

Any choice of law analysis is unnecessary because "[t]he parties' briefs assume that New York substantive law governs the issues . . . presented here, and such implied consent is, of

course, sufficient to establish the applicable choice of law.. *Arch Ins. Co. v. Precision Stone, Inc.*, 584 F.3d 33, 39 (2d Cir. 2009).

PBC alleges that Specialty tortiously interfered with PBC's oral agreement with Baja. To plead a sufficient claim of tortious interference with contract under New York law, "the plaintiff must show [1] the existence of its valid contract with a third party, [2] defendant's knowledge of that contract, [3] defendant's intentional and improper procuring of a breach, and [4] damages." *White Plains Coat & Apron Co. v. Cintas Corp.*, 8 N.Y.3d 422, 426 (2007) (alterations added). The Complaint sufficiently alleges the existence of a valid oral agreement limiting the sales of the peanut butter products to Mexico, that Specialty through Camberos, knew of the contract, that Baja breached that contract and that PBC suffered damages from the breach.

Specialty does not challenge the Complaint's sufficiency in pleading Specialty's knowledge of the contract and damages. Specialty argues that the claim should be dismissed because: (1) any oral agreement between PBC and Baja was not a valid contract; (2) Specialty was not the "but for" cause of any breach; and (3) only strangers to a contract can interfere with it, and Specialty was not a stranger to the contract. The arguments are rejected.

First, Specialty argues that PBC's claim fails as a matter of law because the Settlement Agreement, which contains a merger clause, supersedes any prior oral agreement between PBC and Baja. Whether the Settlement Agreement supersedes any prior agreement is irrelevant to whether there existed a contract between PBC and Baja at the time of Specialty's alleged interference. *Cf. Singleton Mgmt., Inc. v. Compere*, 673 N.Y.S.2d 381, 384 (App. Div. 1st Dep't 1998) (prior stipulation of dismissal between contracting parties for a breach of contract claim did not preclude suit against non-contracting party for tortious interference).

Second, Specialty argues incorrectly that the Complaint fails to plead sufficiently that Specialty was the "but for" cause of the alleged breach.  *See Sharma v. Skaarup Ship Mgmt. Corp.*, 916 F.2d 820, 828 (2d Cir. 1990) (party bringing a tortious interference claim must allege that "there would not have been a breach but for the activities of defendants").  The Complaint alleges that Camberos, who was involved with both Baja and Specialty, had direct knowledge of the oral agreement between PBC and Baja, that Camberos' knowledge can be imputed to Specialty, and that Specialty paid Baja to sell PBC's products within the United States in violation of the oral agreement.  Drawing all inferences in PBC's favor, as is required on this motion, the allegations in the Complaint plausibly show that Specialty's interference was the "but for" cause of the alleged breach of the oral agreement between PBC and Baja.

Specialty's reliance on alleged inconsistencies between PBC's older complaints and the current operative Complaint is unavailing because "it is well established that an amended complaint ordinarily supercedes the original, and renders it of no legal effect." *Dluhos v. Floating & Abandoned Vessel, Known as New York*, 162 F.3d 63, 68 (2d Cir. 1998) (alteration and internal citation omitted).  Specialty's reliance on *Planet Payment, Inc. v. Nova Info. Sys., Inc.*, No. 07 Civ. 2520, 2011 WL 1636921 (E.D.N.Y. Mar. 31, 2011), is similarly misplaced.  That case stands for the limited proposition that where a defendant knows about a contract and "merely welcomes a proposed breach, there is no liability."  *Planet Payment, Inc.*, 2011 WL 1636921, at *11.  To the contrary, here, PBC has sufficiently pleaded that Specialty did not merely welcome the alleged breach, but was the "but for" cause of it.

Finally, Specialty argues that under a so-called "No Stranger" rule, the Complaint should be dismissed because a tortious interference claim can be sustained only against "third parties to the contract," i.e., those who are "*not parties to the contract.*"  *Finley v. Giacobbe*, 79 F.3d 1285,

4

1295 (2d Cir. 1996). Specialty argues that Camberos' involvement with both Baja and Specialty precludes a claim for tortious interference against Specialty. According to Specialty, Camberos' actions destroy Specialty's third-party status to the contract between PBC and Baja. Because PBC's claim is against Specialty and Specialty was not a party to the contract, the motion to dismiss under the "No Stranger" rule is denied.

Specialty's only viable theory for dismissal is the well-established defense of economic interest, which shields a defendant from a tortious interference claim if "it acted to protect its own legal or financial stake in the breaching party's business." *White Plains Coat & Apron Co.*, 8 N.Y.3d at 426. Specialty has explicitly declined to raise this defense, and even if Specialty had done so, its argument would be rejected because "courts in the Second Circuit have refused to apply the economic interest defense at the pleading stage to dismiss complaints for tortious interference with contract, explaining that the facts of the pleadings were not sufficiently developed to show entitlement to the defense." *Hildene Capital Mgmt., LLC v. Friedman, Billings, Ramsey Grp., Inc.*, No. 11 Civ. 5832, 2012 WL 3542196, at *9 (S.D.N.Y. Aug. 15, 2012) (collecting cases). In this case as well, the facts alleged in the Complaint are insufficiently developed for Specialty to obtain dismissal at this early stage.

## IV. CONCLUSION

For the foregoing reasons, Specialty's motion to dismiss is DENIED.

SO ORDERED.

Dated: March 13, 2015
New York, New York

_____
LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE